UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERTO RODRIGUEZ, Plaintiff | CIVIL ACTION |
| VERSUS | NO. 20-435 |
| DAVID O'REILLY, Defendant | SECTION: "E" |

## ORDER AND REASONS

Before the Court is Defendant David O'Reilly's opposition to Plaintiff Roberto Rodriguez's notice of voluntary dismissal without prejudice.[1] For the following reasons, Defendants' opposition is **DENIED**, and the case is **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

On November 12, 2019, Plaintiff filed a complaint in Lea County, New Mexico, alleging Defendant committed abuse of process and defamation.[2] On December 16, 2019, Defendant removed this action to the United States District Court for the District of New Mexico.[3] Defendant then filed a motion to transfer under rule 12(b)(2) arguing New Mexico's courts had no personal jurisdiction over him.[4] On February 6, 2020, the court granted Defendant's motion and transferred the case to this Court.[5] Defendant filed a motion to dismiss the case pursuant to Rule 12(b)(6) of the Federal Rules of Civil

---

[1] R. Doc. 24.
[2] R. Doc. 1, at 8–17.
[3] R. Doc. 1, at 1.
[4] R. Doc. 9.
[5] R. Doc. 13.

1

Procedure.[6] Before filing an opposition to the motion to dismiss, Plaintiff filed a notice of voluntary dismissal without prejudice.[7] Defendant now opposes the voluntary dismissal.[8]

## **LAW AND ANALYSIS**

When interpreting a Federal Rule of Civil Procedure, "the starting point . . . is the language of the [Rule] itself."[9] It is "fundamental" that "unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning."[10] Federal Rule of Civil Procedure 41(a)(1)(A) provides: "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." The Fifth Circuit has consistently "expressed the view that Rule 41(a)(1) means precisely what it says."[11]

All parties agree Plaintiff filed his notice of dismissal before Defendant filed either an answer or a formal motion for summary judgment. Nevertheless, Defendants argue Rule 41 should not permit Plaintiff to voluntarily dismiss this case without prejudice for two reasons. First, Defendant argues the Court should adopt an exception to Rule 41 established by the Second Circuit in *Harvey Aluminum, Inc. v. American Cyanamid Co.*[12] In *Harvey Aluminum*, the Second Circuit recognized an equitable exception to Rule 41 and prevented voluntary dismissal without prejudice in circumstances in which a literal

---

[6] R. Doc. 18.
[7] R. Doc. 23.
[8] R. Doc. 24.
[9] *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980); *see also Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 376 (2013) (interpreting Federal Rule of Civil Procedure 54(d)(1))
[10] *Perrin v. United States*, 444 U.S. 37, 42 (1979).
[11] *Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters*, 506 F.2d 914, 916 (5th Cir. 1975) (citing *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1973); *Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250 (5th Cir. 1973) (holding motion to dismiss for lack of personal jurisdiction, motion to challenge service of process, and filing of written interrogatories were not the equivalent of an answer for the purposes of the Rule); *Nix v. Fulton Lodge No. 2, Int'l Ass'n of Machinists and Aerospace Workers*, 452 F.2d 794 (5th Cir. 1972) (holding motions to dismiss based on insufficiency of service of process, lack of subject matter jurisdiction, failure to state a claim, and res judicata were not the equivalent of a motion for summary judgment for the purposes of the Rule)).
[12] 203 F. 2d 105 (2d Cir. 1953).

reading of the rule "would not be in accord with its essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached."[13]

The Fifth Circuit has not adopted the *Harvey Aluminum* rule. In *Pilot Freight Carriers, Inc. v. International Brotherhood of Teamsters*, the Fifth Circuit was asked to apply the *Harvey Aluminum* exception to bar voluntary dismissal without prejudice in case in which a preliminary injunction had already been entered.[14] The Fifth Circuit held "the exceptional equitable considerations which apparently motivated the *Harvey* decision [we]re not present" in the case before it because the case had not reached an advanced stage of litigation involving merits determinations and great expenditures.[15] The Court further declined to adopt an exception "proscribing dismissal under F.R.C.P. 41(a)(1) whenever the merits of the controversy have been presented to the court in any manner."

Absent instruction from the Fifth Circuit, the Court will not adopt the *Harvey Aluminum* exception to the plain text of Rule 41.[16] Moreover, the Court does not find this case is at an "advanced stage" that could even potentially implicate the *Harvey Aluminum* exception. Defendants have removed this case, transferred it, and filed one motion to dismiss under Rule 12(b)(6). These are not extraordinary steps that could warrant a departure from the prescriptions of Rule 41.[17]

---

[13] *Id.* at 108.
[14] 506 F. 2d 914 (5th Cir. 1975).
[15] *Id.* at 916–17.
[16] *See Land & Bay Gauging LLC v. Shor*, No. 7:13-CV-00423, 2016 WL 7155590, at *4 (S.D. Tex. Dec. 8, 2016) ("[T]his Court will not take the affirmative step of reading the Second Circuit's equitable exception into FRCP 41").
[17] *See Nix v. Fulton Lodge No. 2, Int'l Ass'n of Machinists and Aerospace Workers*, 452 F.2d 794 (5th Cir. 1972) (holding motions to dismiss based on insufficiency of service of process, lack of subject matter jurisdiction, failure to state a claim, and res judicata were not the equivalent of a motion for summary judgment for the purposes of the Rule).

Second, Defendant urges the Court to construe Defendant's motion to dismiss as a motion for summary judgment and reject Plaintiff's notice of dismissal based on the plain language of Rule 41. Defendants do not point the Court to any precedent supporting this argument. Further, the Court finds Defendant's motion to dismiss was just that—a motion to dismiss. While Defendants did attach exhibits to the motion to dismiss, those exhibits clearly fell within the narrow category of exhibits that are permissible for consideration in a motion to dismiss. As even Defendants stated, "These exhibits are attached as the letters are referenced in the Complaint. The Court may consider exhibits in deciding a Motion pursuant to Rule 12(b)(6) when the authenticity of the documents is not in question and the documents are referenced in the Complaint."[18] The exhibits did not, under Federal Rule of Civil Procedure 12(d), require the Court to construe Defendant's motion to dismiss as a motion for summary judgment, and Defendant did not seek to convert the motion to dismiss into a motion for summary judgment.[19] As a result, the Court finds Plaintiff's notice of voluntary dismissal without prejudice is authorized under Rule 41.

## CONCLUSION

**IT IS ORDERED** that Defendants' opposition to Plaintiff's voluntary dismissal is **DENIED**,[20] and the case is **DISMISSED WITHOUT PREJUDICE**.

**New Orleans, Louisiana, this 17th day of March, 2020.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[18] R. Doc. 18-1, at 3 (citing *Walch v. Adjutant Gen. Dep't*, 533 F.3d 289, 294 (5th Cir. 2008)).
[19] *Id.*
[20] R. Doc. 24.